## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2018, 10:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert W. Gevers, II
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Floyd B. Sells,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 28, 2018

Court of Appeals Case No.
17A03-1708-CR-1980

Appeal from the DeKalb Superior Court

The Honorable Kevin P. Wallace, Judge

Trial Court Cause No.
17D01-1610-FA-1

**Baker, Judge.**

Floyd Sells appeals his convictions for Class A Felony Rape,[1] Class A Felony Criminal Deviate Conduct,[2] and Class B Felony Child Molesting.[3] Sells argues that the trial court erroneously admitted certain testimony. Finding no error, we affirm.

## Facts

On July 9, 1987, Sells married S.O., who had four young children from a previous marriage: J.B., F.B., P.B.C., and A.B. Sells and S.O. were married for approximately eleven years. In 1992, when F.B. was eleven and P.B.C. was nine years old, the family moved to a house on High Street in Garrett (the High Street House); in 1995, when F.B. was fourteen or fifteen and P.B.C. was twelve or thirteen, they moved to a house on King Street in Garrett (the King Street House).

Over the years, Sells molested his young stepchildren hundreds of times. The molestations were frequently accompanied by threats of violence, weapons, and warnings to keep quiet or the entire family would be killed. Examples of the frequent incidents include:

- Around Christmas time in the High Street House, Sells had anal intercourse with twelve-year-old F.B. Sells told F.B. that if he did not allow the act to occur, he would kill F.B.'s family in front of him and

---

[1] Ind. Code § 35-42-4-1.

[2] I.C. § 35-42-4-2.

[3] I.C. § 35-42-4-3.

then kill F.B. At the High Street House, Sells sometimes raped F.B. two or three times a week, adding up to over a hundred times when F.B. was twelve to fifteen years old.

- In the King Street house, Sells frequently forced F.B. to perform oral sex. On more than one occasion, when F.B. refused, Sells put a shotgun in F.B.'s mouth and threatened to kill F.B., his siblings, and their mother if F.B. refused to perform oral sex. On another occasion, Sells forced F.B. to perform oral sex while Sells held a knife to his neck and threatened to slice his throat.

- As F.B. got older, he became stronger and more able to defend against Sells's advances. But when F.B. defended himself, Sells told him he either had to let his siblings perform the acts on Sells or he would kill F.B. and his siblings. Sells then forced F.B. to choose one of his siblings to go into the room with Sells.

- In 1995, Sells bent eleven-year-old P.B.C. over a banister and had sexual intercourse with her, threatening to kill her and her family if she refused. She testified that he raped her so many times and in so many places that she could not remember them all.

- In the summer of 1995, five-year-old K.G., who was Sells's niece, stayed with Sells and his family for the weekend. At some point, Sells put his penis in K.G.'s mouth and then had sexual intercourse with her, threatening to kill her family if she told anyone.

[4] On October 5, 2016, the State charged Sells with Class A felony rape and two counts of Class A felony criminal deviate conduct, later joining those charges with another pending action in which Sells was facing a Class B felony child molesting charge.

[5] Sells's jury trial took place on April 19-20, 2017. F.B., P.B.C., and K.G. (all now adults) testified regarding Sells's crimes during their respective childhoods. During the trial, P.B.C. testified that at some point, she was moved into foster care because Sells "beat the crap out of [her]" after she stole her

mother's wallet.  Tr. Vol. II p. 61-62.  She also testified that Sells had "given [her] bloody noses and bloody mouths, but those are nothing."  *Id.* at 62.  Sells did not object to this testimony.

[6] After the State presented its case-in-chief, Sells filed a motion for a directed verdict.  The trial court granted the motion with respect to one of the criminal deviate conduct charges.  At the close of the trial, the jury found Sells guilty of rape, criminal deviate conduct and child molesting.  On July 27, 2017, the trial court sentenced Sells to consecutive terms of thirty years for rape, thirty years for criminal deviate conduct, and ten years for child molesting, for an aggregate sentence of seventy years imprisonment.  Sells now appeals.

## Discussion and Decision

[7] Sells's primary argument on appeal is that the trial court erred by permitting the victims to testify regarding the many offenses he had committed over the years when the State charged him with only one count of rape, one count of child molest, and two counts of criminal deviate conduct.  The admission or exclusion of evidence is within the trial court's discretion, and we will reverse only if the trial court's decision clearly contravenes the logic and effect of the facts and circumstances before it or if the trial court has misinterpreted the law.  *E.g.*, *Bradford v. State*, 960 N.E.2d 871, 873 (Ind. Ct. App. 2012).

[8] Sells contends that the admission of the victims' testimony of multiple rapes and other sexual assaults during the charged timeframe violated Indiana Evidence Rule 404(b), which provides that evidence of "other crimes, wrongs,

or acts is not admissible to prove the character of a person in order to show action in conformity therewith." It is well established, however, that Rule 404(b) does not bar evidence of repeated incidents of sex offenses that occurred within the charged timeframe because such evidence is direct evidence of guilt of the charged offenses and not evidence of other crimes or wrongs. *E.g.*, *Marshall v. State*, 893 N.E.2d 1170, 1174 (Ind. Ct. App. 2008); *see also Baker v. State*, 948 N.E.2d 1169, 1174-78 (Ind. 2011) (finding that so long as jury is properly instructed on unanimity,[4] the State may present evidence of a greater number of separate criminal offenses than the number charged).

[9] Here, the testimony of F.B., P.B.C., and K.G. showed that Sells did, indeed, engage in the criminal conduct with which he was charged, rather than merely show that he had the propensity to do so. Consequently, the trial court did not err by permitting the victims to testify as to Sells's many sex offenses that occurred within the timeframe of the charges alleged by the State.[5]

[10] Sells also argues that P.B.C. should not have been permitted to testify that Sells had beaten her for stealing her mother's wallet and had given her bloody noses on other occasions. Sells neglected to object to this testimony; therefore, he has waived the argument. Waiver notwithstanding, even if the admission of this evidence was erroneous, any error would be harmless in light of the voluminous

---

[4] Sells does not argue that the jury in this case was not properly instructed on unanimity.

[5] On the other hand, the trial court properly granted Sells's motion in limine as to the testimony of at least four uncharged victims under Rule 404(b).

and compelling evidence supporting Sells's guilt. Therefore, we decline to reverse on this basis.

[11] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.